**XIU LI XIAO, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 07–4457–ag.**

United States Court of Appeals, Second Circuit.

April 20, 2009.

Attorney General Michael B. Mukasey as respondent in this case.

**48**

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General; Barry J. Pettinato, Asst. Director; Kristin A. Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, and Hon. PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Li Xiao, a native and citizen of the People's Republic of China, seeks review of an October 4, 2007 order of the BIA denying her motion to reopen. *In re Xiu Li Xiao*, No. A74 855 803 (B.I.A. Oct. 4, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Xiao's untimely motion to reopen.

Xiao argues that the BIA failed to adequately consider her evidence of changed country conditions excusing the untimeliness of her motion to reopen and that the BIA erred in finding that she did not establish her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of forced sterilization. *See id.* (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency" and finding reasonable the BIA's consideration of such evidence in *Matter of S–Y–G–*, 24 I. & N. Dec. 247 (BIA 2007)); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Xiao waives any challenge to the BIA's finding that she was not eligible to file a successive asylum application based on her changed personal circumstances. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).